Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000090
08-JAN-2014
08:40 AM

NO. CAAP-13-0000090

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JAMES BOLLA and DALLAS M. BOLLA, husband and wife,
Plaintiffs-Appellants,
v.
UNIVERSITY OF HAWAI'I,
Defendant-Appellee,
and
JOHN DOES 1 THOUGH 10, JANE DOES 1 THROUGH 10,
DOE CORPORATIONS 1 THROUGH 10, and DOE UNINCORPORATED
ASSOCIATIONS, INCLUDING PARTNERSHIPS 1 THROUGH 10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0050-01 PWB)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiffs-Appellants James Bolla and Dallas M. Bolla
(collectively, Bolla) appeal from the January 18, 2013 Judgment
and the March 7, 2013 post-judgment "Findings of Fact,
Conclusions of Law, and Order Denying Plaintiffs' Motion to
Reinstate Original Complaint, Filed January 10, 2013" entered in
the Circuit Court of First Circuit[1] (circuit court) in favor of
Defendant-Appellee University of Hawai'i (University).

Bolla contends the circuit court committed reversible
error by:

---

[1] The Honorable Patrick W. Border presided.

(1) granting summary judgment for University on Bolla's claims under the Hawai'i Whistleblower Protection Act (HWPA), Hawaii Revised Statutes (HRS), §§ 378-61 through 378-69 (1993);

(2) entering the March 7, 2013 "Findings of Fact, Conclusions of Law, and Order Denying Plaintiffs' Motion to Reinstate Original Complaint, Filed January 10, 2013," which denied Bolla's January 10, 2013 Motion to Reinstate the Original Complaint and awarded attorneys' fees and costs to the University; and

(3) granting summary judgment on alleged torts of invasion of privacy and intentional infliction of emotional distress (IIED).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Bolla's appeal is without merit.

(1) The circuit court did not err in holding that the federal courts' determination that the University's non-pretextual, nondiscriminatory reasons for terminating James Bolla's employment in the context of granting summary judgment in favor of the University resolved essential, identical issues to those in the instant case collaterally estopping Bolla from relitigating these issues under their HWPA claim against the University. Keahole Defense Coal., Inc. v. Bd. of Land & Natural Res., 110 Hawai'i, 419, 429, 134 P.3d 585, 595 (2006).[2]

(2) The circuit court did not abuse its discretion by denying Bolla's motion to reinstate their original complaint. See Gonsalves v. Nissan Motor Corp. in Hawai'i, Ltd., 100 Hawai'i 149, 158, 58 P.3d 1196, 1205 (2002) (holding that a Hawai'i court has broad discretion to deny leave to amend a complaint pursuant to Hawai'i Rules of Civil Procedure Rule 15).

---

[2] As Dallas M. Bolla presents no discernable argument regarding the circuit court's ruling on her HWPA claim, we deem any challenge thereto waived. Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai'i 277, 288, 172 P.3d 1021, 1032 (2007).

The circuit court did not abuse its discretion in awarding attorneys' fees and costs to the University in connection with Bolla's motion to reinstate their original complaint. "Sanctions in the form of attorneys' fees and costs may be imposed by the trial court in accordance with [HRS] §§ 603-21.9(1) and (6) [1993]." Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawai'i 452, 458, 903 P.2d 1273, 1279 (1995).

(3) Bolla's points of error in regards to their false-light invasion of privacy and IIED claims both allege work-related injuries that fall under Hawai'i's Workers' Compensation Laws. HRS § 386-1 (1993 and Supp. 2012), et seq.

Bolla's IIED claims alleged personal "work injuries" within the scope of HRS § 386-3 (Supp. 2012) and are therefore exclusively remedied under Hawai'i's workers' compensation statutes. See HRS § 386-5 (1993).

Hawai'i state courts have applied the HRS § 386-5 exclusivity provisions to IIED claims, unless they arise out of sexual harassment, assault, or discrimination. Yang v. Abercrombie & Fitch Stores, 128 Hawai'i 173, 183, 284 P.3d 946, 956 (App. 2012) (concluding that exclusivity provision in HRS § 386-5 barred plaintiff's intentional tort claims, including claim for intentional infliction of emotional distress); see also Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 109, 176 P.3d 91, 108 (2008) ("[i]nasmuch as Kamaka has alleged a claim for emotional distress, that does not arise out of sexual harassment or sexual assault, such claim is, pursuant to HRS § 386-5, barred"); Furukawa v. Honolulu Zoological Soc., 85 Hawai'i 7, 18, 936 P.2d 643, 654 (1997) ("agree[ing] . . . that [Hawai'i's] workers' compensation scheme serves to bar a civil action for physical and emotional damages resulting from work-related injuries and accidents[,]" but declining to apply this bar to plaintiffs' sex and race discrimination claims).

The circuit court correctly granted the University's motion for partial judgment on Bolla's invasion of privacy claims. This court has stated that general invasion of privacy claims fall within HRS § 386-5 exclusivity provisions:

> Specific exceptions [to HRS § 386-5 exclusivity provisions] were later carved out by the [Hawai'i] Legislature: sexual harassment or sexual assault—not harassment or assault in general; infliction of emotional distress related to sexual assault or sexual harassment—not just any infliction of emotional distress; invasion of privacy related to sexual assault or sexual harassment—not invasion of privacy generally.

Yang, 128 Hawai'i at 177, 284 P.3d at 950.

The allegations in Bolla's amended complaint are sufficient to establish that HRS § 386-5 bars Bolla from recovering damages outside of the workers' compensation scheme. Yang, 128 Hawai'i at 183, 284 P.3d at 956; see also Courtney v. Canyon Television & Appliance Rental, Inc., 899 F.2d 845 (9th Cir. 1990) (plaintiff's claim for emotional distress arising out of discharge was barred by Hawai'i workers' compensation law); Ellison v. Northwest Airlines, Inc., 938 F. Supp. 1503 (D. Hawai'i 1996) (exclusivity provision of Hawai'i workers' compensation law barred claims against employer for negligent and intentional infliction of emotional distress).

Therefore,

IT IS HEREBY ORDERED that the January 18, 2013 Judgment and the March 7, 2013 "Findings of Fact, Conclusions of Law, and Order Denying Plaintiffs' Motion to Reinstate Original Complaint, Filed January 10, 2013" both entered in the Circuit Court of First Circuit are affirmed.

DATED: Honolulu, Hawai'i, January 8, 2014.

On the briefs:

R. Steven Geshell
for Plaintiffs-Appellants.

Kenneth S. Robbins
John-Anderson L. Meyer
Sergio Rufo
(Alston Hunt Floyd & Ing)
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

4